UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GARCIA (K-70562), | No. C 12-3358 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| GREG D. LEWIS, warden, | |
| Respondent. | |

## INTRODUCTION

George Garcia filed this *pro se* action seeking a writ of habeas corpus under 28 U.S.C. § 2254. He claims that his constitutional rights, including his right to be free of ex post facto laws, were violated when prison officials applied to him a statute that had been amended as of January 25, 2010 to decrease the time credits he would earn in prison. The matter is now before the court for consideration of respondent's motion to dismiss the petition as untimely. For the reasons discussed below, the court finds the petition to be barred by the statute of limitations and dismisses it.

## BACKGROUND

Garcia was convicted in Imperial County Superior Court of battery on a non-inmate and was sentenced upon a guilty plea in 2006 to four years in prison. He currently is housed in the security housing unit ("SHU") at Pelican Bay State Prison due to his validation as an associate or member of a prison gang. He does not challenge the validation in this action. Instead, he challenges a change in the law that has adversely affected the rate at which he earns time credits. He contends that an amendment to California Penal Code § 2933.6 and the California Code of

1    Regulations has adversely impacted the rate at which he receives time credits on his sentence.
2    Under the former law, SHU inmates like him were assigned to work group D-1 and were
3    awarded one day of credit for every two days served; after the change in the law, those inmates
4    were reassigned to work group D-2, and consequently ceased earning such credits. That, in turn,
5    apparently will lengthen the time he spends in prison. A credit calculation worksheet and legal
6    status summary worksheet showed that the application of the new statute will extend his
7    minimum release date from June 6, 2015 to March 26, 2017. *See* Docket # 1, p. 7.

   The potentially relevant dates are these: Section 2933.6 became effective January 25,
2010. On February 8, 2010, the classification committee met and changed Garcia's credit-earning status, effective as of January 25, 2010. *See* Docket # 4-1, p. 28. Garcia had the opportunity, but refused, to attend that classification committee meeting. On February 23, 2010, Garcia received a revised calculation worksheet that showed his earliest possible release date ("EPRD") as calculated under the new credit earning system pursuant to § 2933.6. *See* Docket # 4-1, p. 42 (February 23, 2010 calculation worksheet showing and an EPRD of March 26, 2017); Docket # 5-1, p. 2 (Garcia declaration that he received the worksheet on February 23, 2010); *cf.* # 4-1, p. 40 (October 20, 2008 calculation worksheet showing an EPRD of June 4, 2015). Garcia states that classification committee chronos usually take three weeks to get to the inmate, and he thinks he received the chrono for the February 8 classification committee meeting on or about March 1, 2010. *See* Docket # 5, p. 3; # 5-1, p. 2.

   Garcia did not file any administrative appeal regarding the change in credit earning status. *See* Docket # 4-1, p. 6. He did file state habeas petitions: his petition in the Del Norte County Superior Court was signed on February 9, 2011, and denied on December 14, 2011; his petition in the California Court of Appeal was filed on an unstated date and denied on February 8, 2012; his petition in the California Supreme Court was signed on February 20, 2012, and denied on May 16, 2012. His federal petition has a proof of service indicating it was mailed on June 20, 2012.

   Due to Garcia's status as a prisoner proceeding *pro se*, he receives the benefit of the

2

1 prisoner mailbox rule, which deems most documents filed when they are given to prison officials 2 to mail to the court rather than the day the document reaches the courthouse. *See Stillman v.* 3 *Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). For purposes of the present motion, each of 4 his petitions is deemed filed as of the day the proof of service shows it was mailed to the 5 appropriate court. As to any document without a proof of service, the court assumes for present 6 purposes that it was given to prison officials to mail on the date the inmate signed it.

## DISCUSSION

A petition for writ of habeas corpus filed by a state prisoner must comply with the statute of limitations in 28 U.S.C. § 2244(d). Section 2244's one-year limitations period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," even if the petition challenges an administrative decision rather than a state court judgment. *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)). Although the limitations period has four possible starting dates, § 2244(d)(1)(D) usually applies to prisoners challenging administrative decisions such as disciplinary decisions, i.e., the limitations period starts on the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[1] The one-year limitations period normally begins on the date the administrative decision becomes final. *See Shelby*, 391 F.3d at 1066 (limitations period began the day after prisoner received timely notice of the denial of his administrative appeal challenging disciplinary decision); *see also Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitations period began when BPT denied prisoner's administrative appeal challenging the BPT's decision that he was unsuitable for parole). The "factual predicate" of the habeas claims is the finality of the adverse administrative decision, and not the denial of the state habeas petition. *See Redd*, 343 F.3d at 1082.

---

[1] None of the other alternative starting dates in § 2244(d)(1) applies to Garcia's circumstances. That is, the limitations period for his challenge to § 2933.6's application to him did not start when his 2006 criminal conviction became final upon the conclusion of direct review; there was no state-created impediment to him filing a habeas action; and there was no newly recognized constitutional right involved. *See* 28 U.S.C. § 2244(d)(1)(A-C).

3

1    Garcia did not file an administrative appeal because he believed he did not need to file one for his challenge to the change caused by the statutory amendment. *See* Docket # 4-1, p. 6. Since there was no inmate appeal, there was no final administrative decision, and the *Redd* rule cannot be applied. Instead, the appropriate date for the start of Garcia's limitations period is February 23, 2010, when he learned he would not be earning credits at the same rate as he did under the old system. That is the date on which the factual predicate of all of his claims was or could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). The one-year limitations period started the next day. The presumptive deadline for Garcia to file his federal habeas petition therefore was February 24, 2011.

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state habeas petition is considered pending not only for the time the case is open on the docket in a court, but also for the time period between state habeas petitions provided that the petitioner files the later state habeas petition at a higher level court and does so "within what California would consider a 'reasonable time.'" *Evans v. Chavis*, 546 U.S. 189, 197-98 (2006); *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

Garcia does not have enough statutory tolling to make his federal petition timely. The parties agree that the limitations period should be tolled from the filing of the first state petition on February 9, 2012, through the denial of the last state petition on May 16, 2012. By the time Garcia filed that first state petition, 351 days of the limitations period had already passed. After the denial of the last state habeas petition, another 35 days passed before the federal petition was filed on June 20, 2012. Thus, by the time Garcia filed his federal petition, 386 untolled days had passed, and he was three weeks past the deadline. (Even if one used March 1, 2010 – i.e., the date on which he received the classification committee chrono informing him that § 2933.6 was being applied to him – Garcia's federal petition would be too late, albeit two rather than three weeks too late.)

4

The § 2244(d) limitations period can be equitably tolled for a petitioner who shows that he pursued his rights with reasonable diligence and that some extraordinary circumstance stood in his way and prevented timely filing. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Garcia has not shown any basis for equitable tolling of the limitations period.

The federal petition was not filed until three weeks after the statute of limitations deadline had passed. The petition is barred by the habeas statute of limitations.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 4.) The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1). The clerk will close the file.

IT IS SO ORDERED.

DATED: February 27, 2013

SUSAN ILLSTON
United States District Judge